IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-494-RGA |
| | : Court of Common Pleas of the State of |
| GEORGE K. TRAMMELL, III, | : Delaware in and for Sussex County |
| | : Criminal ID No. 1712000659 |
| Defendant. | : |

George K. Trammell, III, Seaford, Delaware. Pro Se Defendant.

## MEMORANDUM OPINION

June 21, 2018
Wilmington, Delaware


**ANDREWS, U.S. District Judge:**

George K. Trammell, III, filed a notice of removal on April 3, 2018, of *State of Delaware v. Trammell*, Criminal ID No. 1712000659. (D.I. 2). Trammell appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). At the time he filed the notice of removal, Trammell also filed a motion for my recusal. (D.I. 4). For the reasons discussed below, I will deny the motion for recusal and will summarily remand the case to the Court of Common Pleas of the State of Delaware in and for Sussex County.

**FACTUAL AND PROCEDURAL BACKGROUND**

Trammell removed this case pursuant to removal statutes 28 U.S.C. §§1443(1), 1446(d), and 1447(d). His removal is based upon "known, documented, past, indelible 'corrupt, depraved, 'seditious, culpable, prohibited - insurrection, of the State of Delaware Sussex County, inferior; de facto, court's.'" (D.I. 2 at pp.1-2) (capitalization modified; punctuation as in original). Trammell states that he cannot receive a fair trial in the Court of Common Pleas. He states that as of March 29, 2018, a "seditious petition for property deed has been unlawfully proposed to be unlawfully illegally deeded to an additional to be criminal co-defendant, the unindicted Mr. William H. Claus, IV, a/k/a William H. Claus 4th." (*Id.* at pp.3-4) (punctuation, capitalization, and spelling modified). Finally, Trammell states that the State of Delaware Division of Child Support Enforcement unlawfully suspended his driver's license and is garnishing money from him on a monthly basis. (*Id.* at p. 5). Trammel removed this matter to prevent manifest injustice. (*Id.*). He has also filed a motion to forbid me from presiding over the case, alleging wrongful bias due to my prior employment with the State of Delaware. (D.I. 4).

1

## RECUSAL

A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

A judge should further recuse himself under § 455(b)(3) if "he has served in governmental employment and in such capacity participated as counsel . . . concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." With regard to former prosecutors, the Third Circuit holds that "absent a specific showing that the judge was previously involved with a case while in the [prosecutor's] office that he or she is later assigned to preside over as a judge,

2

§ 455(b)(3) does not mandate recusal." *United States v. Vazquez*, 193 F. App'x 168, 169 (3d Cir. 2006) (internal citations omitted).

Plaintiff has not alleged any basis of objective, extra-judicial bias. Instead, Plaintiff alleges apparent dissatisfaction with this Court's prior orders and a belief that I am biased because of my former position with the State of Delaware. A party's displeasure with legal rulings does not form an adequate basis for recusal. *See, e.g., Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). In addition, while I served as Delaware's State Prosecutor from 2007 through November, 2011, my position did not involve the instant litigation, which, based on its case number, is a criminal filing initiated in 2017. I have no difficulty providing Trammell with the same fair process that is given any party who comes before me.

A reasonable, well-informed observer could not believe that my rulings in Trammell's cases were, or will be, based on impartiality, bias, or actual prejudice. Nor do my rulings in Trammell's other cases demonstrate the Court acting in such a manner. After careful and deliberate consideration, I have concluded that I have no actual bias or prejudice towards Trammell and that a reasonable, well-informed observer would not question the Court's impartiality. In light of the foregoing standard, and after considering Trammell's assertions, the undersigned concludes that there are no grounds for recusal under 28 U.S.C. § 455.

**REMOVAL**

In order for a case to be removable to the district court, the Court must have original jurisdiction by either a federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010. Upon a determination that a federal court lacks subject matter jurisdiction, the District Court is obligated to remand, *sua sponte*, to the state court from which it was removed. *See Scott v. New York Admin. for Children's Services*, 678 F. App'x 56 (3d Cir. 2017).

Trammell claims that removal is appropriate under 28 U.S.C. § 1443(1). Removal of matters is permitted in limited instances under 28 U.S.C. § 1443. Pursuant to § 1443(1), a civil or criminal prosecution commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending against any person who is denied or

4

cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. 28 U.S.C. 1443(1).

A state court defendant who seeks removal under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel,* 384 at 792 (quoting 28 U.S.C. § 1443(a)). Second, it must appear in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).

With regard to § 1443(1), the notice of removal states that the Superior Court in Sussex County and Sussex County itself are racist and that he cannot receive a fair trial in the Court of Common Pleas. (D.I. 2 at pp.2-3). Trammell also states that he is legally disabled and has been unlawfully discriminated against by Sussex County, Delaware. However, he must also show that he cannot enforce his asserted rights in state court. *See Rachel*, 384 U.S. at 788; *New Jersey v. Thomas*, 344 F. App'x 727 (3d Cir. 2009). It is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending State proceedings, civil or criminal." *Johnson*, 421 U.S. at 219-20.

Trammell does not point to any Delaware law that might preclude him from enforcing federal rights. He does not assert that this is an unusual case wherein Delaware laws will operate to deny him federal rights. Instead, the notice of removal refers to, in the most conclusory manner, discrimination and a racist court (which is not actually the Court where the criminal case is being prosecuted). There is no allegation that Trammell cannot appeal any decision by the Court of Common Pleas, not only to Superior Court but also to the Supreme Court. For the above reasons, the Court finds that Trammell has failed to satisfy the two-part test to show that removal is appropriate pursuant to 28 U.S.C. § 1443(1).

Finally, the Court notes that Trammell failed to comply with the requisites for removal. He did not provide for the Court's review copies of all process, pleadings, or orders from the State proceedings. See 28 U.S.C. § 1446(a).

## CONCLUSION

For the above reasons, the Court will: (1) deny the motion for recusal (D.I. 4) and; (2) summarily remand the case to the Court of Common Pleas of the State of Delaware in and for Sussex County.

An appropriate order will be entered.